■ In the Matter of SAMUEL J. GILBERT et al., as Coexecutors of JACK R. MCCORMACK, Deceased, Respondents, v KATHERINE MCCORMACK, Appellant. [595 NYS2d 22] —Order of Surrogate's Court, New York County (Eve Preminger, S.), dated March 2, 1992, which denied the claim of Katherine McCormack against the estate of her former husband for payment of medical insurance premiums, is unanimously reversed, on the law and facts, without costs or disbursements.

This is an action by the executors of the estate of Jack McCormack to determine the validity of the claim of his former wife, Katherine McCormack, seeking the continuation of the payment of medical insurance premiums pursuant to a judgment of divorce entered by the Supreme Court in 1982.

The Surrogate in rejecting the claim against the estate, held that the claimant's reliance on the judgment of divorce of 1982 was misplaced on the ground there was no agreement that the husband's obligations to make support payments to his former wife would continue after his death. The court concluded that the executors had properly rejected claimant's claim for the continuation of payments.

However, while the divorce judgment expressly releases the estate from any obligation to make support payments or maintenance to the claimant after the death of the husband, it expressly states that decedent "shall purchase and maintain, *throughout the lifetime of Katherine McCormack"* a policy providing health and hospital care benefits (emphasis added). This statement and the tenor of the judgment reflect an intent to obligate the estate to the payment of the medical premiums even after the death of the husband (see, *Cohen v Cronin*, 39 NY2d 42, 47). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.